IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| J.D.Q.C., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 4:25-cv-360-CDL-AGH |
| : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION : | |
| CENTER, *et al.*, : | |
| : | |
| Respondents. : | |

**ORDER**

Pending before the Court is Petitioner's application for habeas relief (ECF No. 1). According to Petitioner, he is a native and citizen of Columbia who was taken into United States Immigration and Customs Enforcement ("ICE") custody on October 10, 2025, and has been detained since then. Pet. ¶¶ 1-3 ECF No. 1. Petitioner alleges that his detention is governed by 8 U.S.C. § 1226(a), which allows an immigration judge ("IJ") to release an alien on bond pending a decision on whether he is to be removed from the United States. *Id.* ¶¶ 40-42. However, he alleges that pursuant to a recent decision by the Board of Immigration Appeals ("BIA"), ICE is wrongly detaining him under 8 U.S.C. § 1225(b), which mandates detention of applicants for admission—aliens present in the United States who have not been admitted or who arrive in the United States—and who are seeking admission into the United States. Pet. ¶¶ 18, 38-52; *see Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025).

In *Yajure Hurtado*, the BIA concluded that § 1225(b)(2) mandates detention of

all applicants for admission, even those who entered without admission or inspection and who have resided for years in the United States without lawful status. *Yajure Hurtado*, 29 I.&N. Dec. at 220. However, the Court recently rejected the BIA's interpretation of § 1225(b)(2), concluding that it only applied "to aliens in the United States who have not been admitted ('applicants for admission' definition) AND who are attempting to obtain lawful admission to the United States." *J.A.M. v. Streeval*, No. 4:25-cv-342-CDL, 2025 WL 3050094, at *3 (M.D. Ga. Nov. 1, 2025).

Based on Petitioner's allegations, the Court issued an order for Respondents to show cause why Petitioner's application for habeas relief should not be granted in light of *J.A.M.* Order, Nov. 7, 2025. In their response, Respondents contend *J.A.M.* is inapplicable to Petitioner because he is detained under 8 U.S.C. § 1225(b)(1), not (b)(2). Resp't's Resp. 4, ECF No. 5. Therefore, they contend that the Court should not apply *J.A.M.* to grant habeas relief and should allow Respondents twenty-one (21) days to file a comprehensive response to the petition. *Id.* at 5.

The Court agrees that it is unclear from Petitioner's petition exactly under what provision he contends that ICE is detaining him or whether *J.A.M.* is applicable. The Court notes that his petition contains inconsistent allegations about when he came into the country and the circumstances of his entry. At one point, he alleges that he entered the United States on July 8, 2022, and applied for asylum on February 20, 2024. Pet. ¶ 1. However, he also alleges that he entered the United States without inspection and without a visa in 2007. *Id.* ¶ 19. Further, Petitioner alleges that application of *Yajure Hurtado* would "subject [him] to mandatory

2

detention under 8 U.S.C. § 1225(b)(1)(A)(i)" but also alleges that *Yajure Hurtado* "looks to 8 U.S.C. § 1225(b)(2) . . . in reaching its holding." *Id.* ¶¶ 20, 49.

Therefore, the Court concludes it is necessary that Petitioner file an amended petition to clarify his request for relief. Accordingly, Petitioner shall have SEVEN (7) DAYS to file an amended petition, specifying (1) when and under what circumstances he entered the country, (2) the statutory provision applicable to his detention, and (3) his amended grounds for habeas relief. Respondents shall have FOURTEEN (14) DAYS to file a comprehensive response to Petitioner's amended petition. Within seven (7) days thereafter, Petitioner should file any desired reply. The Court will consider whether to hold an evidentiary hearing once briefing is complete.

**SO ORDERED**, this 18th day of November, 2025.

 s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE